FILED - USDC -NH
2020 NOV 30 PM 4:35

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

TARA KARVOSKY,

Defendant.

Case No. 19-cr-227-LM

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the

United States of America by its attorney, Scott W. Murray, United States Attorney for the District

of New Hampshire, and the defendant, Tara Karvosky, and the defendant's attorney, Matthew

Stachowske, Esq., enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to plead guilty to Counts One of the Indictment that charges her

with Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(C).

In exchange for the defendant's guilty plea, the United States agrees to the stipulations

identified in Section 6 of this agreement.

2. The Statute and Elements of the Offense.

The defendant understands that the offense has the following elements, each of which the

United States would be required to prove beyond a reasonable doubt at trial:

Title 21, United States Code, Section 841(a)(1), provides, in pertinent part:

"[I]t shall be unlawful for any person knowingly or intentionally to . . . possess with
intent to . . . distribute . . . a controlled substance."

- 1 -

The elements of the offense of possession of controlled substances with intent to distribute are:

First, the defendant possessed a controlled substance, either actually or constructively;

Second, the defendant did so with a specific intent to distribute the controlled substance over which she had actual or constructive possession; and

Third, the defendant did so knowingly and intentionally.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit,* Instruction 4.21.841(a)(1)(A), http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government

would introduce evidence of the following facts, which would prove the elements of the offense

beyond a reasonable doubt:

Beginning in or before December of 2017, a drug distribution organization operating in

Lawrence, Massachusetts, maintained a series of telephone numbers that were used to receive

orders for controlled substances and facilitate transactions involving those substances. The

organization primarily supplied fentanyl in "finger" units of ten grams each, and powder cocaine

and cocaine base ("crack") in either 3.5 gram (eighth-ounce) units or 28 gram (full ounce) units.

In order to distribute its product throughout the northern New England region, the organization

relied on a network of sub-distributors from New Hampshire and elsewhere, who would travel to

Lawrence to pick up their orders and then redistribute the fentanyl, cocaine, and crack

throughout northern New England. These sub-distributors were introduced to the organization on

a referral basis. Thus, in order to do business with the organization, one generally must have

been referred to the organization by another existing member or sub-distributor. As the

organization periodically changed the operative phone number, it would send a message from the new number to all of its trusted sub-distributors.

On March 16, 2019, the following text message exchange occurred between the dispatch telephone and a telephone number subscribed to the defendant, ending in 2661.

| | |
|---|---|
| 2661: | What are hours today |
| 2661: | Wondering if avail today or not |
| Dispatch: | Hey hun im moving to another area so ill be available |
| around | |
| | 8pm i guess |
| 2661: | So what area and when can I meet up if I go tomorrow ? |
| Dispatch: | Towerhill and i let you later when and how |
| 2661: | Any update on Info for me |
| Dispatch: | I could not get the place I was supposed to have for tonight, I hope that tomorrow I can have a place to see you, I will keep you posted |
| 2661: | Yikes ! Are you confident you can see me tomorrow or should I be looking around this time? |
| Dispatch: | Hun under the circumstances i think it's better that you rent a room in salem and ill see you there tomorrow afternoon |
| Dispatch: | Text me order when you're ready |
| 2661: | 4@600 w 2@900 w 35down so long as it's better than has been I'll book room what's earliest I can meet up I have plans to be in CT tomorrow evening |
| Dispatch: | Anytime after 3pm |
| 2661: | Are these circumstances anything I need to be overly concerned about? |
| Dispatch: | No hun, just to many cops flitting around Essex during the last days, its not a good place to work anymore |
| 2661: | Ok understood. Keene is lovely this time of year |

The user of 2661 later stated, "Given the crappy ones lately and renting the room –would you be willing to do 6/600+3/900+40/120-11100. For 10k." The dispatch responded, "For $10300 its ok." The user of 2661 informed the dispatch that a room had been booked, stating, "Holiday Inn Salem (I-93 At Exit 2) . . ." The dispatch stated that the drugs would be delivered

in a green Ford. Coinciding with these interceptions, surveillance officers observed a Volvo SUV

registered to the defendant at the Holiday Inn in Salem. Later interceptions between the 2661 and

dispatch telephones indicated that the deal was complete and a green Ford was observed leaving

the area.  The defendant was later observed exiting the hotel, getting into her Volvo and leaving

the area. Officers ultimately conducted a vehicle stop of the defendant's car and seized 280 grams

of cocaine and 410 grams of fentanyl.

The evidence introduced by the government to prove the above facts would include

testimony from investigating agents and surveillance officers, seized fentanyl and cocaine and

other physical exhibits, wiretap intercepts, and cellular telephone evidence.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for Count 1 are:

1. A maximum prison term of 20 years [21 U.S.C. § 841(b)(1)(B)];

2. A $1,000,000 fine [21 U.S.C. § 841(b)(1)(B)];

3. A term of supervised release of at least three years and as much as life. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release [21 U.S.C. § 841(b)(1)(B)];

4. A forfeiture as described in Paragraph 13 of this Agreement; and

5. A mandatory special assessment of $100 on each count at or before the time of sentencing [18 U.S.C. § 3013(a)(2)(A)].

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case

and that the Court is required to consider the United States Sentencing Guidelines as advisory

guidelines. The defendant further understands that she has no right to withdraw from this Plea

Agreement if the applicable advisory guideline range or her sentence is other than she

anticipated.

The defendant also understands that the United States and the United States Probation

Office shall:

A.   Advise the Court of any additional, relevant facts that are presently known
     or may subsequently come to their attention;

B.   Respond to questions from the Court;

C.   Correct any inaccuracies in the pre-sentence report;

D.   Respond to any statements made by her or her counsel to a probation
     officer or to the Court.

The defendant understands that the United States and the Probation Office may address

the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable

sentencing range under the advisory Sentencing Guidelines that she may have received from any

source is only a prediction and not a promise as to the actual sentencing range under the advisory

Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1) (B), the United States and the defendant agree that

(1) the base offense level under the sentencing guidelines is 30, and (2) the United States will

recommend a custodial sentence at the low end of the applicable sentencing guideline range as

determined by the Court at the time of sentencing.

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at the time of sentencing, the United States will

-5-

move to dismiss Count 2 of the Indictment charging the defendant with attempted possession
with the intent to distribute controlled substances.

The defendant understands and agrees that the United States may argue that other
sentencing enhancements should be applied in determining the advisory guideline range in this
case, and she is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to
the terms of imprisonment, fines, conditions of probation or supervised release, and any other
penalties, requirements, and conditions of sentencing as each party may deem lawful and
appropriate, unless such recommendations are inconsistent with the terms of this Plea
Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the
defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the
defendant's apparent prompt recognition and affirmative acceptance of personal responsibility
for the offense. The United States, however, may oppose any adjustment for acceptance of
responsibility if the defendant:

     A.    Fails to admit a complete factual basis for the plea at the time she is
            sentenced or at any other time;

     B.    Challenges the United States' offer of proof at any time after the plea is
            entered;

     C.    Denies involvement in the offense;

     D.    Gives conflicting statements about that involvement or is untruthful with
            the Court, the United States or the Probation Office;

     E.    Fails to give complete and accurate information about his financial status

to the Probation Office;

F.     Obstructs or attempts to obstruct justice, prior to sentencing;

G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.    Fails to appear in court as required;

I.     After signing this Plea Agreement, engages in additional criminal conduct; or

J.     Attempts to withdraw her guilty plea.

The defendant understands and agrees that she may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that she receive a reduction in her sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that she has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and she has assisted the United States in the investigation or prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.  Waiver of Trial Rights and Consequences of Plea.

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her. The defendant

- 7 -

also understands that she has the right:

A.   To plead not guilty or to maintain that plea if it has already been made;

B.   To be tried by a jury and, at that trial, to the assistance of counsel;

C.   To confront and cross-examine witnesses;

D.   Not to be compelled to provide testimony that may incriminate her; and

E.   To compulsory process for the attendance of witnesses to testify in her defense.

The defendant understands and agrees that by pleading guilty she waives and gives up the foregoing rights and that upon the Court's acceptance of her guilty plea, she will not be entitled to a trial.

The defendant understands that if she pleads guilty, the Court may ask her questions about the offense, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers will be used against her in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that she:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because she is guilty;

B.   Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.   Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.   Understands the nature of the offense to which she is pleading guilty, including the penalties provided by law; and

E.   Is completely satisfied with the representation and advice received from her undersigned attorney.

- 8 -

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to her about any civil or administrative consequences that may result from her guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of her guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible. The defendant also understands that if she is a naturalized citizen, her guilty plea may result in ending her naturalization, which would likely subject her to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The

defendant understands that she is bound by her guilty plea regardless of any immigration

consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty

plea and to her sentence based on any immigration consequences, and agrees not to seek to

withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her

guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

12. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy her federal criminal

liability in the District of New Hampshire arising from her participation in the conduct that forms

the basis of the indictment in this case. The defendant understands that if, before sentencing, she

violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to

appear for sentencing, the United States may consider such conduct to be a breach of the Plea

Agreement and may withdraw therefrom.

13.    Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States her

interest, if any, in any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 and 28

U.S.C. § 2461(c), as a result of her guilty plea, including, but not limited to: (A) $7,350 in

United States Currency; (B) $19,000 in United States Currency; and (C) One Black 2010 BMW

135i, VIN WBAUW9C51AVE94873.

The defendant acknowledges that all of the above-described forfeitable assets are subject

to forfeiture as property constituting or derived from any proceeds the defendants obtained,

directly or indirectly from unlawful drug activity. The defendant agrees and consents to the

forfeiture of her interest in these assets pursuant to any criminal, civil and/or administrative

- 10 -

forfeiture.

None of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant further acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant waives and releases any and all claims she may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not. The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure,

- 11 -

detention and return of any property in connection with the investigation and prosecution of this case.

14. Waivers.

A. Appeal.

The defendant understands that she has the right to challenge her guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives her right to challenge on direct appeal:

1. Her guilty plea and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of her rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that she may have the right to challenge her guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives her right to collaterally challenge:

1. Her guilty plea and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

- 12 -

2.   The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to her guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of her right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. Final Binding Agreement.

- 13 -

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

SCOTT W. MURRAY
United States Attorney

Date: 11/30/2020

By: _____
Seth R. Aframe
Assistant United States Attorney
MA Bar No. 643288
53 Pleasant St., 4th Floor
Concord, NH 03301

I, Tara Karvosky, certify that I have read this 14-page Plea Agreement and fully understand and accept its terms.

Date: 11/24/2020

_____
Tara Karvosky
Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and she has advised me that she understands and accepts its terms.

Date: 11/24/2020

_____
Matthew Stachowske, Esq.
Attorney for Defendant

- 14 -